UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Estate of Sean M. Boeckmann, by and through Michael H. Boeckmann, Personal Representative, | Civ. No. 17-2260 (PAM/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Sprint/United Management Company, and Hartford Life and Accident Insurance Company, | |
| Defendants. | |

This matter is before Court on Defendant Sprint/United Management Company's Motion to Dismiss. For the following reasons, the Motion is denied.

## BACKGROUND

Plaintiff Michael H. Boeckmann is the personal representative of Plaintiff Estate of Sean M. Boeckmann. The Complaint alleges that Sean Boeckmann worked at Defendant Sprint/United Management Company, and that he had a life insurance policy through his employment which was insured by Defendant Hartford Life and Accident Insurance Company. (Compl. (Docket No. 1.) ¶¶ 8-9.) Mr. Boeckmann died in November 2016, and Hartford denied the Estate's claim for the proceeds of the life insurance policy. (Id. ¶¶ 11, 13.) The Complaint asserts that Defendants violated the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1132(c)(1), by failing to provide relevant documents when Plaintiff requested them.

Sprint now seeks dismissal of the single claim against it.

**DISCUSSION**

Sprint contends that Plaintiff's claim must be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). According to Sprint, the Court lacks jurisdiction because Sean Boeckmann was not a plan participant at the time of his death, and therefore Plaintiff has no standing to bring any claims regarding the plan. In making this argument, Sprint relies on documents purporting to show that Mr. Boeckmann waived his entitlement to employer-sponsored life-insurance coverage.

The Court must be vigilant in determining "whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). And in making that determination, the Court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724 730 (8th Cir. 1990) (quotation omitted). Indeed, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of [a] jurisdictional claim[]." Id. (quotation omitted).

These principles, however, are only tangentially applicable to the instant situation, where the issue of jurisdiction and the substantive merits of the underlying claim are so closely intertwined. In this case, the Court is reluctant to resolve the numerous disputed facts that the undeveloped record presents.

Even if resolving disputed facts were appropriate, however, the Court is not persuaded that the record is as clear as Sprint alleges. While there are documents indicating that Sean Boeckmann may have waived life-insurance coverage, there is other evidence that may establish that he did not do so, or at least that he believed he

2

maintained such coverage.  Plaintiff has established standing to pursue a claim for documents under ERISA.  Should those documents establish that Sean Boeckmann was not a plan participant at the time he died, Sprint can bring an appropriate motion.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Sprint's Motion to Dismiss (Docket No. 53) is **DENIED**.

Date:  February 26, 2018            *s/ Paul A. Magnuson*
                                    Paul A. Magnuson
                                    United States District Court Judge